UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRANSPORTATION INSURANCE
COMPANY,

             Plaintiff,

vs.

                                                              Case No. 04-CV-71306

                                                              HON. GEORGE CARAM STEEH

VALENTINE INVESTMENTS, LLC.,
PRODUCTION PLATING, INC., and
GUIDEONE MUTUAL INSURANCE
COMPANY,

             Defendants.
_____/

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT GUIDEONE'S MOTION FOR SUMMARY JUDGMENT

        In this Declaratory Judgment action, plaintiff Transportation Insurance Company

("Transportation") seeks to deny liability coverage for its insureds, defendants Valentine

Investment ("Valentine") and Production Plating, arising out of a lawsuit filed by

defendant GuideOne Mutual Insurance Company ("GuideOne").  GuideOne insured St.

Peters Evangelical Lutheran Church ("St. Peters").  St. Peters suffered damage due to a

fire at the adjacent property owned by Valentine and operated by Production Plating.

GuideOne filed a suit seeking to recover costs related to the damage allegedly suffered

by St. Peters.  This "underlying case" is pending before Judge Zatkoff.  On December

22, 2003, partial summary judgment for liability only was entered in favor of GuideOne

against Valentine.

Transportation seeks a declaration from this Court that there is no coverage under a Transportation insurance policy for the underlying case brought by GuideOne against Valentine and Production Plating.  Transportation also seeks a declaration that it has no duty to defend Valentine or Production Plating in the underlying GuideOne case, or to pay attorney fees or costs of defense.  Defendants Valentine and Production Plating have been served, but have not answered plaintiff's lawsuit.  The parties have filed a stipulation of uncontested facts.

<u>FACTUAL BACKGROUND</u>

On October 12, 1999, a fire loss occurred at the Production Plating plant in Eastpointe, Michigan.  The fire caused smoke, soot and ash to be deposited on the adjacent property of St. Peters.  St. Peters was insured by GuideOne, which paid $249,764.38 to restore the church and personal property contained therein to its pre-fire condition.

GuideOne filed suit against Production Plating and Valentine to seek recoupment of the $249,764.38.  Production Plating and Valentine filed for bankruptcy.  The automatic stay was lifted for Valentine only on August 26, 2003.  Judge Zatkoff issued an order granting partial summary judgment under Count 1 as to liability under CERCLA, in favor of Guide One.  The issue of damages is still being litigated in the underlying case.

The issue for this Court is whether the pollution exclusion in Transportation's policy vitiates coverage.

STANDARD FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56(c) empowers the court to render summary judgment "forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  See Redding v. St. Eward, 241 F.3d 530, 532 (6th Cir. 2001).  The Supreme Court has affirmed the court's use of summary judgment as an integral part of the fair and efficient administration of justice.  The procedure is not a disfavored procedural shortcut.  Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986); see also Cox v. Kentucky Dept. of Transp., 53 F.3d 146, 149 (6th Cir. 1995).

The standard for determining whether summary judgment is appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Amway Distributors Benefits Ass'n v. Northfield Ins. Co., 323 F.3d 386, 390 (6th Cir. 2003) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)). The evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party.  Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Redding, 241 F.3d at 532 (6th Cir. 2001).  "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original); see also National Satellite Sports, Inc. v. Eliadis, Inc., 253 F.3d 900, 907 (6th Cir. 2001).

3

If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial."  First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 270 (1968); see also McLean v. 988011 Ontario, Ltd., 224 F.3d 797, 800 (6th Cir. 2000).  Mere allegations or denials in the non-movant's pleadings will not meet this burden, nor will a mere scintilla of evidence supporting the non-moving party.  Anderson, 477 U.S. at 248, 252.  Rather, there must be evidence on which a jury could reasonably find for the non-movant.  McLean, 224 F.3d at 800 (citing Anderson, 477 U.S. at 252).

## ANALYSIS

### I. Insurance Contract Interpretation

In a diversity case, a federal court applies the substantive law of the state in which the court sits.  Mills Pride, Inc. v. Continental Ins. Co., 300 F.3d 701 (6th Cir., 2002).  In construing a provision in an insurance policy, it is necessary to determine whether the provision is ambiguous; this is a question of law for the court to decide.  Farm Bureau v. Nikkel, 460 Mich. 558 (1999).

### II. Relevant Policy Provisions

Section 1 of the Transportation Policy covers bodily injury and property damage caused by an occurrence during the policy period.  Section 2 is entitled "Exclusions", and states "This insurance does not apply to:" followed by subsections "a" through "n". Subsection "f" under Exclusions states that the policy does not apply to "Pollution". Subsection "f" contains two paragraphs as follows:

4

(1) "Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of pollutants:

> (a) At or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, any insured;
>
> . . . .   (Subparagraphs b, c, and d are not relevant to this case). Subparagraphs (a) and (d)(i) do not apply to "bodily injury" or "property damage" arising out of heat, smoke or fumes from a hostile fire.
>
> As used in this exclusion, a hostile fire means one which becomes uncontrollable or breaks out from where it was intended to be.

(2) Any loss, cost or expense arising out of any:

> (a) Request, demand or order that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of pollutants; or
>
> (b) Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of pollutants.

Pollutants means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. . . .

The endorsement names John and Paulette Egle, owners of Valentine, as the insureds.

III.  Effects of Other Litigation

A.  Judge Friedman's Interpleader Action

Transportation previously filed an interpleader action, which was assigned to

Judge Friedman.  The issue of whether Transportation has any duty to defend or

indemnify Valentine for the claims of numerous claimants, including GuideOne, was

resolved in that case.  Judge Friedman dismissed the claims of Valentine, Production

Plating and the Egles, due to non-cooperation of the Egles during discovery in the

interpleader action.  Transportation argues that any claims of coverage by Production

5

Plating, Valentine or the Egles have now been dealt with by Judge Friedman, and

GuideOne cannot now claim coverage with Transportation through Valentine because

of res judicata or collateral estoppel.

Res judicata applies to Judge Friedman's decision only to the extent that

Transportation does not have a duty to defend its insured, or to pay their attorney fees.

As to the issue of the pollution exclusion and the hostile fire exception, res judicata does

not apply to Judge Friedman's decision because he did not resolve any of these

substantive issues.  Judge Friedman ruled in favor of Transportation because Valentine

did not comply with discovery orders.  The substantive issues were never resolved

because the dismissal was based on a procedural defect.  In addition, GuideOne was

not a party to Judge Friedman's case and no party in that litigation was in privity with

GuideOne or St. Peters.

Collateral estoppel also does not apply to Judge Friedman's case.  First, the

present issue of the hostile fire exception was not discussed in Judge Friedman's case.

Second, the coverage issues were not actually litigated in the prior litigation.  Third,

there was no judgment on the merits in the prior litigation.  Fourth, neither GuideOne

nor St. Peters was in privity with any party to the prior litigation.

B.  Judge Zatkoff's Findings

In the case before Judge Zatkoff, Guide One claims that as a result of the fire,

smoke carried a high concentration of lead and other chemicals towards St. Peters

building.  Count I alleges a violation of the Comprehensive Environmental Response

Compensation and Liability Act ("CERCLA") because of the release of a hazardous

substance that "contaminated the property and contents of St. Peters."  Count II, a

nuisance claim, alleges the fire caused "lead, soot, fumes, dust, smoke and/or hazardous substances to interfere with the use and enjoyment of St. Peters property." Count III alleges a violation of Michigan's Environmental Response Act (MERA) due to the release of hazardous substances from the Production Plating facility.  Count IV alleges trespass because of hazardous substances which "physically invaded" St. Peters property.  Count V alleges violation of Michigan's Natural Resources and Environmental Protection Act (NREPA).  Count VI alleges negligence.

The damages alleged with respect to Count I are "the removal of the hazardous substances."  For Count II, damage had to do with "Plaintiff's subrogor being unable to use and enjoy the property for an extended period of time."  For Count III, the damage is alleged to be "all response costs incurred by Plaintiff and/or Plaintiff's subrogee."  With respect to Count IV, the damage is alleged to be "substantial expense to clean the property and contents."  With respect to Count V, the damages are alleged to be the cost to "remove the hazardous substances to their considerable expense."  For Count VI, the damage is alleged to be "contamination, loss, and damage to their property."

In the underlying case, GuideOne presented a "Damage Summary" during discovery.  There is a payment to Clean Air Management, a clean-up company, of almost $130,000.00 for its planning and work in analyzing the damage to St. Peters. The remainder of the claim is for cleaning labor, cleaning material, renting "air scrubbers" to clean the air, duct work cleaning and overhead and profit.

Judge Zatkoff ruled in his opinion and order dated December 22, 2003 that the liability of Valentine is only as a result of violation of CERCLA, and only for response costs.  Judge Zatkoff's opinion is binding on GuideOne.  All of the claims in the

GuideOne complaint against Valentine are claims of violation of CERCLA and/or a request for clean-up costs.  GuideOne is collaterally estopped from alleging that its claim is anything different than what it claimed in its prior litigation against Valentine. These are items clearly included in the pollution exclusion clause of the Policy. GuideOne does not take issue with the proposition that its theory of liability against Valentine before Judge Zatkoff (i.e., pollution and CERCLA) is binding on GuideOne in this case.

IV.  Analysis

A.  Pollution Exclusion

The pollution exclusion section of the Policy is made up of two subsections:

1.  (f)(1) - Hostile fire exception

Subsection (f)(1) excludes coverage for property damage from smoke, heat or fumes which have escaped from a location owned or occupied by the insured, unless the damage is the result of a hostile fire.  Plaintiff concedes that the fire in this case was a hostile fire.  While there was much argument over the meaning of "property damage" and "hostile fire", the Court need not address these arguments because (f)(1) of the pollution exclusion is not applicable.

2.  (f)(2) - Testing, Clean-up

Subparagraph (f)(2)(a) excludes costs arising out of any request or demand by anyone to test for or clean up pollutants, while subsection (f)(2)(b) applies to costs arising out of a claim on behalf of a governmental authority relating to the clean-up of pollutants.  This suit does not arise out of a claim for damages by a governmental authority, so section f(2)(b) is inapplicable.

The underlying case seeks to recover costs incurred for remediation because of violations of federal and Michigan Environmental Response Acts.  The underlying GuideOne suit alleges a violation of CERCLA, whereby St. Peters was forced to incur costs to remediate potential contamination caused by the fire.  The defendant, Valentine, conceded liability under CERCLA, but contested damages.

The exclusion of (f)(2)(a) therefore applies.  Transportation will not be responsible for expenses arising out of any request that any insured test for, clean up, respond to, or assess the effects of pollutants.  GuideOne's complaint against Valentine is a claim for loss arising out of demand by St. Peters that Valentine clean-up pollutants. Smoke and soot made its way into St. Peters and GuideOne hired a company to test for the effects of pollutants.  The reason insurance companies include an exclusion like (f)(2) is clear - they do not want to be faced with catastrophic exposure of covering clean-up costs, as in this case.

B.  <u>No Ambiguity</u>

GuideOne argues that subsection (f)(2) irreconcilably conflicts with the hostile fire exception at (f)(1), rendering the policy ambiguous.  The alleged ambiguity is whether the policy covers property damage (due to pollution from a hostile fire), but excludes any "loss, cost or expense" related to that property damage.

The Michigan case of <u>Hawkeye Security v. Vector</u>, 185 Mich. App. 369, 385 (1990), held that exclusions are to be read individually.  Two separate exclusions to coverage, should they be incongruous with one another, cannot create an ambiguity in a policy.  Sections (f)(1) and (f)(2) are separate exclusions, with the hostile fire exception appearing only at the end of (f)(1).  GuideOne seeks to somehow link the

9

exclusion of (f)(1) and the exclusion in (f)(2) and insert the hostile fire exception into
(f)(2).  However, the hostile fire exception clearly appears only in subsection (f)(1).  If
any one exclusion to coverage applies, there is no coverage.  When read this way,
there is no ambiguity in the Transportation policy.

## CONCLUSION

For the reasons stated, plaintiff's motion for summary judgment is granted and
defendant's motion for summary judgment is denied.  Declaratory judgment is entered
for plaintiff in this action.


s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated:  September 12, 2005

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on September 12, 2005, by
electronic and/or ordinary mail.


s/Josephine Chaffee
Secretary/Deputy Clerk